**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANDREW B. CLAYTON, SR.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID S. OWENS, JR., et al.,**<br><br>**Defendants.** | **Civil Action No. 25-6883 (RK) (TJB)**<br><br>**MEMORANDUM & ORDER** |

Plaintiff Andrew B. Clayton, Sr. is currently confined at Camden Country Correctional Facility and seeks to bring a civil action *in forma pauperis*, without prepayment of fees or security, asserting federal claims for relief. (*See* ECF Nos 1, 1-1.) The Court previously denied without prejudice his application to proceeding *in forma pauperis* ("IFP application') for failure to submit a certified account statement, and he has since filed two new IFP applications (ECF Nos. 19-20) and two Motions to Reopen this matter (ECF Nos. 17, 21), but he has not submitted a certified account statement as directed in the Court's prior Order.[1] (*See* ECF No. 8.)

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis* ("IFP"). Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.* Moreover, if a

[1] On March 5, 2026, the Magistrate Judge also directed him to submit an IFP application and sent him the appropriate form. (ECF No. 16.)

prisoner receives IFP status in more than one case, he will be required to pay the filing fee in installments for each case simultaneously. *See Bruce v. Samuels*, 577 U.S. 82, 87 (2016) (holding that that § 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees").

The submission of a certified account statement is a statutory requirement under the PLRA, with which Plaintiff must comply if he wishes to litigate this matter. This Court denied Plaintiff's IFP application on December 11, 2025 (ECF No. 8), because he did not submit the account certification portion of the form and because the uncertified account statement he submitted did not cover the six month period immediately preceding the filing of this action.[2] Although Plaintiff has submitted two additional IFP applications and two motions to reopen this matter (ECF Nos. 19, 20, 17, 21), he has not provided a certified account statement as directed by this Court. In various submissions, which are not sworn under penalty of perjury, Plaintiff contends that prison officials will not provide him with the certified account statement (ECF Nos. 19-20) and that the account statement "keeps getting lost." (ECF No. 13 at 1.) The Court declines to credit these unsworn allegations.

At this time, the Court denies without prejudice Plaintiff's IFP applications (ECF Nos. 19-20) for failure to submit a certified account statement and directs the Clerk to send Plaintiff a blank IFP form for use by prisoners (DNJ-Pro Se-007-A-(Rev.12/2023)). The Motions to Reopen (ECF Nos. 17, 21) are likewise denied without prejudice, and this matter shall remain closed. If Plaintiff wishes to reopen this case, he must submit a complete IFP application that 1) includes an account statement that covers the six month period immediately preceding the filing of this action and 2)

---

[2] The Complaint is dated May 29, 2025, and the statement covered the period from September 2024-March 2025.

is certified by the appropriate prison official. Alternatively, he may submit the $405 filing fee. If he fails to submit a complete IFP application within 30 days and later attempts to reopen this case, the Court may dismiss the matter without prejudice for failure to prosecute.

If Plaintiff requests a certified copy of his account statement, and prison officials refuse to provide it, Plaintiff shall submit a statement, sworn under penalty of perjury, that includes the name(s) of the prison official(s) who refused to provide the certified account statement, the date and time Plaintiff requested the same, and the reason(s) provided for the refusal.[3]

**IT IS**, on this 19th day of October 2026;

**ORDERED** that Plaintiff's IFP applications (ECF Nos. 19, 20) are DENIED WITHOUT PREJUDICE because he failed to submit a certified account statement; and it is further

**ORDERED** that Plaintiff's Motions to Reopen (ECF Nos. 17, 21) this matter are likewise DENIED WITHOUT PREJUDICE because Plaintiff has not submitted a complete IFP application; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank IFP form (DNJ-Pro Se-007-A-(Rev.12/2023)); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order and include a complete IFP application, <u>including a certified six-month account statement</u>; alternatively, he may submit the $405.00 filing fee; and it is further

---

[3] If the Court grants Plaintiff's IFP application and later determines that prison officials did not refuse to provide the account statement, Plaintiff may be subject to sanctions, including revocation of his IFP status and dismissal of this matter.

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, along with a complete IFP application or the filing fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that if Plaintiff requests a certified account statement and prison officials refuse to provide it, Plaintiff shall submit a statement sworn under penalty of perjury that provides the name(s) of the prison official(s) who refused to provide the certified account statement, the date and time of the refusal, and the reason(s) provided for the refusal; and it is further

**ORDERED** that if Plaintiff fails to comply with this Memorandum & Order within 30 days and later attempts to reopen this case, the Court may dismiss the matter for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum & Order upon Plaintiff by regular U.S. mail, and this matter shall remain CLOSED.

ROBERT KIRSCH
United States District Judge